UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FLAGSTAR FINANCIAL & LEASING, LLC f/k/a
Signature Financial, LLC,

                                Plaintiff,

    -against-

RUN ROADLINES, INC. d/b/a RUN INC/RRI, and
MANPREET RANDHAWA,

                              Defendants.
------------------------------------------------------------------------x

Case No.:

**COMPLAINT**

       Plaintiff, Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC (hereinafter referred to as "Plaintiff"), by its attorneys, Bronster LLP, as and for its Complaint against Defendants, Run Roadlines, Inc. d/b/a Run INC/RRI (hereinafter referred to as "Roadlines") and Manpreet Randhawa (hereinafter referred to as "Manpreet," and together with Roadlines, the "Defendants"), alleges upon information and belief:

## NATURE OF THE ACTION

       1.    This is an action to recover money damages for breach of contract and a breach of personal guaranty, as well as replevin/possession of Plaintiff's Collateral, as defined herein.

## JURISDICTION AND VENUE

       2.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

       3.    Venue is proper in this district by virtue of the contractual agreement between Plaintiff and Defendants pursuant to which Defendants expressly consented to the commencement and prosecution of any action concerning the subject contract in this forum.

1

## THE PARTIES

4. Plaintiff is a New York limited liability company organized and existing under the laws of the State of New York and has a principal place of business at 100 Duffy Avenue, Suite 402, Hicksville, New York 11801. Plaintiff's sole member, Flagstar Bank, N.A., is a resident of the State of New York having its headquarters at 102 Duffy Avenue, Hicksville, New York 11801.

5. Upon information and belief, Roadlines is a corporation, organized and existing under the laws of the State of California, with an office for the transaction of business at 10020 Mosaic Way, Elk Grove, California 95757.

6. Upon information and belief, Manpreet is an individual maintaining a residence at 1326 Como Drive, Manteca, California 95337.

7. Upon information and belief, Manpreet was and remains the president of Roadlines.

## FACTUAL BACKGROUND

8. On or about June 18, 2021, Roadlines, as Debtor, entered into a Master Security Agreement (Equipment) (hereinafter "Security Agreement") with Plaintiff, as Secured Party, whereby Roadlines expressed a desire to establish a financing arrangement with Plaintiff pursuant to which Plaintiff would make loans and extensions to it. The Security Agreement provided, *inter alia*, that Plaintiff has and may, from time to time, make loans and advances to Roadlines with such loans(s), as evidenced by one or more promissory note(s), to be repaid with interest as more fully described in each applicable promissory note with each such note incorporating the terms and conditions of the Security Agreement.

9. To secure payment due under any and all promissory notes and any renewals, extensions, amendments or modification thereof, and also to secure any other indebtedness or

liability of Roadlines to Plaintiff, Roadlines granted Plaintiff a first position security interest in the following collateral (the "Collateral'):

(i) Such equipment or other assets identified on each Schedule "A" hereto (collectively the "Equipment"), now or hereafter executed by Debtor and Secured Party, together with all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements and substitutions thereof, installed in, affixed to or used in connection therewith;

(ii) All accounts and chattel paper arising out of all present and future leases, rental agreements, sales agreements (if any), or contracts relating to any of the Equipment and present and future rental payments, purchase options or other sums due on the leases, rental agreements and sales agreements (if any) for any of the Equipment, rights to payment earned under any contract for the use or rental of any of the Equipment, and any cash or non-cash proceeds thereof; and/or

(iii) To the extent not listed above as original collateral, proceeds (including without limit insurance proceeds) and products of the foregoing.

10. On or about June 18, 2021, Roadlines, as Borrower, executed and delivered to Plaintiff, as Holder, a Promissory Note (Fixed Rate) (the "Note"), which incorporated by reference the terms and conditions of the Security Agreement, evidencing that Roadlines borrowed from Plaintiff the principal sum of $629,000.00 for the purchase of certain collateral referred to below. In return, by the Note, Roadlines agreed to repay the amount financed with interest at 4.75% per annum. Pursuant to the Note, Roadlines agreed to repay the amount advanced by Plaintiff in accordance with the following repayment schedule: Forty-eight (48) consecutive monthly payments of $14,437.99 (includes principal and interest); first payment having been due on July 20, 2021 with all subsequent payments due on the same day of each successive month thereafter (the "Loan").

11. Pursuant to the Security Agreement, Roadlines executed and delivered Schedule A, which identified the specific Equipment subject to Plaintiff's security interest "together with all present and future attachments, accessories, additions, accessions, parts, supplies, and any replacements thereof, installed in, affixed to, or used in connection with said property." To wit, Schedule A identifies **Fifteen (15) Wabash National model DVCVHPC dry van trailers (Serial/ID Nos. 1JJV532D8NL307826, 1JJV532DXNL307827, 1JJV532D1NL307828, 1JJV532D3NL307829, 1JJV532DXNL307830, 1JJV532D1NL307831, 1JJV532D3NL307832, 1JJV532D5NL307833, 1JJV532D7NL307834, 1JJV532D9NL307835, 1JJV532D0NL307836, 1JJV532D2NL307837, 1JJV532D4NL307838, 1JJV532D6NL307839, 1JJV532D2NL307840).**

12. Per the Delivery and Acceptance Certificate, executed by Manpreet on behalf of Roadlines, the Collateral was delivered to and accepted by Roadlines on June 18, 2021.

13. Plaintiff properly perfected its security interest in and to the Collateral by filing a UCC-1 financing statement with the Secretary of State of California on June 18, 2021.

14. By Continuing Guaranty (Individual Guarantor) (the "Guaranty") dated June 18, 2021, Manpreet "absolutely and unconditionally guarantee[d] the full and prompt payment when due of all present and future obligations of [Roadlines] to [Plaintiff], howsoever created, direct or indirect, absolute or contingent, now existing or hereinafter arising, due or to become due, whether said obligations represent principal, interest, rent, late charges, indemnities, an accelerated balance, liquidated damages, a deficiency after sale or other disposition of leased equipment or collateral, or other sums or obligations owing from [Roadlines] to [Plaintiff]".

15. By the Guaranty, Manpreet was and remains obligated to pay any and all sums due with respect to the Note.

16. Upon the occurrence of an event of default, the Security Agreement provides that Plaintiff may, *inter alia*: (i) cease advancing money or extending credit; (ii) declare the entire unpaid indebtedness of Roadlines to be immediately due and payable; (iii) enter any premises of Roadlines, or any other party, with or without judicial process and take possession of any or all of the Collateral; and (iv) dispose of the Collateral at a public or private sale.

17. Pursuant to Section "21" of the Security Agreement, Defendants consented to the jurisdiction of this Court with respect to any litigation commenced with respect to the Security Agreement, Note, Guaranty, and any matters arising with respect thereto.

18. Additionally, pursuant to Section "27" of the Security Agreement, Defendants agreed to pay all of Plaintiff's expenses, attorneys' fees, court costs and disbursements arising out of, or related to, the protection, preservation, and/or enforcement of Plaintiff's rights under the Security Agreement, Note and other loan documents.

19. Pursuant to Section "7" of the Note, any payment that remains unpaid (10) days after its due date, is subject to a late charge of the greater of twenty-five dollars ($25.00) or five percent (5%) of such delinquent amount, but not more than the highest rate allowed by law.

20. Pursuant to Section "8' of the Note, in the event of default, the interest rate of the Note shall automatically bear an interest rate of six (6%) percent per annum above the Note rate.

21. Roadlines defaulted with respect to its payment obligations under the Security Agreement and the Note by having failed to make the monthly payments with respect thereto in September 2024 and it has failed to make any other monthly payments under the Note that were due after the date of default. The amounts due on the Note were therefore accelerated by Plaintiff with the entirety of the indebtedness being declared immediately due and payable.

22. As of February 6, 2025, the sum of $332,905.38 was due and owing, inclusive of late fees and default interest though the date hereof, to Plaintiff from Defendants under the Note and Guaranty.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

23. Plaintiff repeats, reiterates and realleges, Paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth herein at length.

24. Roadlines failed to make the monthly payment due in September 2024, with respect to the Security Agreement, and any subsequent monthly payments, and that failure has now been deemed to be an event of default of the Security Agreement.

25. By reason of Roadlines' failure to make payments when due, Plaintiff accelerated the balance due under the Security Agreement.

26. Pursuant to the Security Agreement, Roadlines agreed that any past due amounts would carry a default interest rate of 10.75% per annum.

27. Pursuant to the Security Agreement, Plaintiff is entitled to late fees from Roadlines with respect to each payment it failed to timely make thereunder.

28. As a result of the foregoing, Roadlines remains indebted to Plaintiff pursuant to the Security Agreement in the sum of not less than $332,905.38, inclusive of late fees but exclusive of attorneys' fees and costs, as of February 6, 2025.

29. By virtue of the foregoing, Plaintiff is entitled to judgment as against Roadlines in the amount of not less than $332,905.38, as of February 6, 2025, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Guaranty)

30. Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs "1" through "29" of the Complaint with the same force and effect as if fully set forth herein at length.

31. In order to induce Plaintiff to enter into the Security Agreement and make the Loan, Manpreet, in return for good and valuable consideration, executed the Guaranty whereby he absolutely and unconditionally guaranteed the full and prompt payment when due of all present and future obligations of Roadlines to Plaintiff.

32. By reason of the Guaranty, Manpreet is liable for all charges (including attorneys' fees and late fees) which are otherwise due and owing from Roadlines to Plaintiff pursuant to the Security Agreement and Note.

33. Manpreet has defaulted on the Guaranty by failing to pay all amounts due under the Note and Security Agreement.

34. Accordingly, Manpreet remains liable to Plaintiff in the sum of not less than $332,905.38as of February 6, 2025, together with appropriate interest thereon, late charges, and reasonable attorneys' fees.

35. By virtue of the foregoing, Plaintiff is entitled to judgment as against Manpreet pursuant to his Guaranty in the amount of not less than $332,905.38, as of February 6, 2025, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Possession)

36. Plaintiff repeats, reiterates and realleges the allegations contained in Paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein at length.

37. The Security Agreement provides that in the event of default, Plaintiff may, without demand or notice of any kind, declare the entire unpaid indebtedness to be immediately due and payable and enter upon the premises where the Collateral is located to take possession of and remove same.

38. Roadlines has defaulted under the terms of the Security Agreement. As such, Plaintiff is entitled to immediate possession of the Collateral.

39. Upon information and belief, the Collateral is being held, detained, and converted by the Defendants in contravention of the rights of Plaintiff.

40. Accordingly, Plaintiff is entitled to immediate possession of the Collateral, and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceeds of said property.

41. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendants requiring the immediate surrender of possession of the Collateral to Plaintiff and/or its agents or representatives, together with all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceeds.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

(i) On the First Cause of Action, against Roadlines, in the sum of not less than $332,905.38, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(ii) On the Second Cause of Action, against Manpreet, in the sum of not less than $332,905.38, together with the appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(iii) On the Third Cause of Action, against Defendants, for judgment of possession of the Collateral, to wit: Fifteen (15) Wabash National model DVCVHPC dry van trailers (Serial/ID Nos. 1JJV532D8NL307826, 1JJV532DXNL307827,

1JJV532D1NL307828, 1JJV532D3NL307829, 1JJV532DXNL307830, 1JJV532D1NL307831, 1JJV532D3NL307832, 1JJV532D5NL307833, 1JJV532D7NL307834, 1JJV532D9NL307835, 1JJV532D0NL307836, 1JJV532D2NL307837, 1JJV532D4NL307838, 1JJV532D6NL307839, 1JJV532D2NL307840) together with all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof installed in, affixed to, or used, in connection with said property and all proceeds; and,

(iv)   For such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 6, 2025

BRONSTER LLP
Attorneys for Plaintiff

By: *s//J. Logan Rappaport*
J. Logan Rappaport, Esq.
Laura D. Montoya
156 West 56th Street, Suite 703
New York, New York 10019
Tel: (347) 826-5051
lrappaport@bronsterllp.com

9