```
United States District Court
Eastern District of New York

-----------------------------------X

FLAGSTAR FINANCIAL & LEASING, LLC
f/k/a Signature Financial, LLC
                                          Memorandum and Order
              Plaintiff,
                                          No. 2:25-cv-00714 (KAM)
   - against -                            (SIL)

RUN ROADLINES, INC. d/b/a RUN
INC/RRI, and MANPREET RANDHAWA,

              Defendants.

-----------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge:**

Plaintiff Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC ("Flagstar" or "Plaintiff") brought this action against Run Roadlines, Inc. d/b/a Run Inc/RRI ("Roadlines") and Manpreet Randhawa ("Randhawa") (together with Roadlines, the "Defendants," and together with Plaintiff, the "Parties") alleging breach of contract, breach of guaranty, and replevin/possession of collateral. Plaintiff seeks monetary damages, pre-judgment interest, attorneys' fees and costs, and replevin/possession of collateral. Upon Defendants' failure to appear or otherwise defend this action, the Clerk of the Court entered a Certificate of Default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (ECF Nos. 9,17.) Plaintiff then filed a motion for entry of default judgment against Defendant Randhawa (ECF No. 14, the "Randhawa

Mot,") for breach of guaranty and replevin/possession of collateral, and Defendant Roadlines (ECF No. 19, the "Roadlines Mot.", together with the Randhawa Mot. the "Motions") for breach of contract and replevin/possession of collateral. For the reasons stated herein, the Randhawa Mot. for default judgment as to breach of guaranty and the Roadlines Mot. for default judgment as to breach of contract is **GRANTED** as to liability. The Motions are **DENIED** as to replevin/possession of collateral and **DENIED** without prejudice to refiling as to damages, pre-judgment interest and attorneys' fees.

## BACKGROUND

The following facts are taken from Flagstar's Complaint, Flagstar's Motions, and the supporting memoranda, affidavits and attachments filed in support of Flagstar's Motions. Given Defendants' default, the Court accepts as true all well-pleaded factual allegations in the Complaint to establish liability, except as to damages, which requires Plaintiff to make an adequate evidentiary showing. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128-29, 137 (2d Cir. 2011).

### I.   Factual Background

Flagstar is a New York limited liability company principally based in Hicksville, New York of which Flagstar Bank, N.A., a national association with its main office in New York, is the sole member. (Compl. ¶ 4; ECF Nos. 21 ¶ 13(a), 21-2 ¶ 2, Ex. A.)

2

Defendant Roadlines is a California corporation principally based in Elk Grove, California. (Compl. ¶ 5; ECF No. 21 ¶¶ 13(b), 14, Ex. A.) Defendant Mr. Randhawa is domiciled in California and is the President of Roadlines. (Compl. ¶¶ 6-7; ECF No. 21 ¶ 13(c).)

On June 18, 2021, Flagstar entered a financing arrangement as the Secured Party with Roadlines as the Debtor under which Flagstar would make certain loans and extensions of credit to Roadlines under the terms of each applicable note.  (Compl. ¶ 8; ECF Nos. 14-12 and 19-12 (the "Agreement") at 1.)  To secure payment due under any note, Roadlines granted Flagstar a first position security interest in "[f]ifteen (15) Wabash National model DVCVHPC dry van trailers" and any proceeds arising from such equipment (the "Collateral"). (*See* Compl. ¶¶ 9, 11; Agreement § 1; ECF Nos. 14-14 and 19-14 ("Schedule A").)

On the same day, Roadlines executed a Promissory Note under which Roadlines agreed to repay Flagstar $629,000.00 at an interest rate of 4.75% per year. (Compl. ¶ 8, 10; ECF Nos. 14-13 and 19-13 (the "Note") § 2.)  The Note set a repayment schedule split across forty-eight consecutive months, with the first payment due on July 20, 2021. (Compl. ¶ 10; Note § 3.) The same day, Mr. Randhawa executed a Continuing Guaranty under which Mr. Randhawa "absolutely and unconditionally" guaranteed full and prompt

payment of Roadlines' obligations under the Agreement and Note.[1] (Compl. ¶¶ 14, 15; ECF No. 14-17, the "Guaranty.")

Upon an event of default, Flagstar may, *inter alia*, (1) cease advancing money or extending credit; (2) declare the entire unpaid indebtedness of Roadlines to be immediately due and payable; (3) enter any premises of Roadlines, or any other party, with or without judicial process and take possession of any or all of the Collateral; and (4) dispose of the Collateral at a public or private sale.  (Compl. ¶ 16; Agreement § 15.)  Defendants also agreed to pay Flagstar's attorneys' fees and costs relating to the enforcement of Flagstar's rights under the Agreement, Note, and Guaranty.  (Compl. ¶ 17; Agreement § 21; Guaranty at 1.)

Under the Note, any payment that remains unpaid 10 days after its due date is subject to a late charge of the greater of $25.00 or 5% of the delinquent payment, but not more than the highest rate allowed by law ("Late Fees").  (Compl. ¶ 19; Note § 7.)  In the event of default, an interest rate of six percent per year above the Note rate of 4.75%, 10.75%, applies to "the entire unpaid balance of principal and accrued interest." (Compl. ¶ 20; Note § 8.)

---

[1] Mr. Randhawa also signed both the Agreement and Note as the President of Roadlines.  (Agreement at 6; Note at 4.)

4

On June 18, 2021, Flagstar perfected its security interest in and to the Collateral by filing a UCC-1 financing statement with the Secretary of State of California.  (Compl. ¶ 13; ECF No. 14-16, 19-16)

Flagstar alleges that Roadlines has failed to make monthly payments on the Note since September 2024. (Compl. ¶ 21.)

## II.  Procedural History

On February 7, 2025, Plaintiff commenced this action alleging breach of contract (Count 1) and replevin/possession of collateral (Count 3) against Roadlines and breach of guaranty (Count 2) and replevin/possession of collateral (Count 3) against Mr. Randhawa. (Compl. ¶¶ 23-41.)  Plaintiff seeks damages, possession of the Collateral, and attorneys' fees.  (Compl. ¶¶ 1, 28-29, 32-33, 41.)

On March 20, 2025, Plaintiff filed an affidavit of service stating that on February 28, 2025 "deponent served" the summons and complaint on a "Jane Doe" who "deponent... knew said individual to be the Authorized Agent thereof an authorized person to accept service of process" for Roadlines. (ECF No. 5.)  Plaintiff filed two affidavits of service regarding service on Mr. Randhawa. First, on March 26, 2025, Plaintiff filed an affidavit of service stating: (a) on March 15, 2025, a process server affixed a copy of the action and complaint to the door of 1326 Como Drive, Manteca, CA 95337 after calling multiple times, and after "server spoke with wife on 2/20/2025 . . . who confirmed residency;" and (b) on

5

March 18, 2025, the server also mailed a copy of the summons and complaint to the 1326 Como Drive, Manteca, CA 95337 address (ECF No. 6.)  Second, on May 2, 2025, Plaintiff filed an affidavit of service stating that on April 11, 2025, Flagstar personally served Mr. Randhawa with a copy of the summons and complaint at the same address. (ECF No. 7.)

On May 22, 2025, Flagstar filed a Request for Certificate of Default against Defendants. (ECF No. 8.)  On May 27, 2025, the Clerk of the Court entered a certificate of default against Mr. Randhawa, (ECF No. 9), but denied Plaintiff's request as to Roadlines, because "[i]t did not appear from the affidavit of service that proper service was effectuated as a 'Jane Doe' was served on behalf of [Roadlines]," (Dkt. Entry dated May 27, 2025.) On June 3, 2025, Plaintiff filed a letter arguing that Roadlines was properly served. (ECF No. 10.)  On June 13, 2025, the Court found that service on Roadlines was not proper because the affidavit of service did not state "[h]ow the deponent knew that [Jane Doe] was authorized to accept service." (Dkt. Order dated Jun. 13, 2025.)  The Court extended Flagstar's deadline to serve Roadlines and directed Flagstar to effectuate service on Roadlines by June 27, 2025. (*Id.*)  Flagstar failed to effect service on Roadlines by June 27, 2025, and the Court directed Flagstar to effectuate service by July 17, 2025.  (Dkt. Order dated Jul. 10, 2025.)

On July 1, 2025, Plaintiff properly effectuated service on Roadlines through service of the summons and complaint on a "John Doe" who "advised they were authorized to accept [service] for [Roadlines]." (ECF No. 12; *see also* Dkt. Order dated Jul. 17, 2025.) On July 23, 2025, Flagstar filed a Request for Certificate of Default as to Roadlines following Roadlines' failure to appear or otherwise respond (ECF No. 15), which the Court denied for failure to attach a certificate of service showing that the request for certificate of default documents was served on Roadlines, (Dkt. Order dated Jul. 23, 2025.) That same day Plaintiff re-filed a request for a certificate of default against Roadlines. (ECF No. 16.) On July 28, 2025, the Clerk of the Court entered a certificate of default against Roadlines. (ECF No. 17.)

On February 26, 2026, the Court ordered Flagstar to show cause why the case should not be dismissed for failure to properly plead facts establishing the Court's diversity jurisdiction because Plaintiff failed to allege (i) the citizenship of Plaintiff Flagstar's sole member, Flagstar Bank N.A.; (ii) Defendant Run Roadlines Inc.'s principal place of business; and (iii) Defendant Manpreet Randhawa's state of citizenship. (Dkt. Order dated Feb. 26, 2026.) On March 3, 2026, Flagstar responded to the Court's Order to Show Cause, (ECF No. 21), and the Court found that Plaintiff pleaded facts establishing the Court's diversity jurisdiction and thus showed why the action should not be dismissed

for lack of subject matter jurisdiction,(Dkt. Order dated Mar. 4, 2026.)

On March 4, 2026, the Court advised Flagstar that the Randhawa Motion's sole reliance on the process server's affirmation that Randhawa was not in active military service without independent post-default investigation was insufficient. *See Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 244 (E.D.N.Y. 2024) (noting that Plaintiff's reliance on the process server's inquiries during service and failure to note subsequent post-default investigations to support the process server's representations, was insufficient to satisfy the requirements of the Servicemembers Civil Relief Act ("SCRA")); L. Civ. R. 55.2(a)(1)(B).  That same day, Flagstar submitted a supplemental affirmation attesting that upon investigation in the Department of Defense Manpower Data Center, Mr. Randhawa was not an active service member.  (ECF No. 23, ¶ 4, Ex. A.)

Before the Court are Plaintiff's July 22, 2025 Motion for Default Judgment against Mr. Randhawa, (ECF No. 14), and Plaintiff's August 28, 2025, Motion for Default Judgment against Roadlines, (ECF No. 19), both of which were duly served, as required by the Local Civil Rules of the Eastern District of New York, (*see* ECF Nos. 14-18, 19-18.)  To date, Defendants have not appeared, answered, or otherwise responded to the Complaint, nor the motions for entry of default judgment.

8

**LEGAL STANDARD**

Pursuant to Rule 55, courts follow a two-step process to enter default judgment. *Mickalis Pawn Shop*, 645 F.3d at 128. First, once the defendant has been properly served with process but fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk of Court enters the defendant's default. *See* Rule 55(a). The plaintiff may then move the court to enter a default judgment against the defendant. *See* Rule 55(b)(2). "Before entering a default judgment, the court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024).

**Discussion**

**I.   Jurisdiction**

A court "may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." *Guerra v. Steelstone Grp., LLC*, No. 22-CV-7191 (KAM) (SJB), 2024 WL 2319685, *3 (E.D.N.Y. May 22, 2024) (citing *Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 732 (2d Cir. 1980)).

###### A.    Subject Matter Jurisdiction

The Court has diversity jurisdiction over the instant action. District courts "have original jurisdiction . . . where the [amount] in controversy exceeds . . . $75,000" and the action arises between "citizens of different States."   28 U.S.C. § 1332(a).   "[A]ll of the adverse parties in a [diversity] suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citation modified).

Flagstar, a New York LLC, is a citizen of New York.   "[A] limited liability company [ ] takes the citizenship of each of its members."   *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citation modified). Flagstar's sole member, Flagstar Bank, N.A., is a citizen of New York because its articles of association state that Flagstar Bank N.A.'s main office is in New York.   *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that national banking associations are citizens of the "the State designated in its articles of association as its main office"); (*see also* Compl. ¶ 4; ECF Nos. 21 ¶ 13(a), ECF No. 21-2 ¶ 2, Ex. A.); 28 U.S.C. § 1348.   Flagstar is thus a citizen of New York.   *See id.*

Both Defendants are citizens of California. Defendant Roadlines is a California corporation with a principal place of business in California.   (*See* Compl. ¶ 5; ECF No. 21 ¶¶ 13(b), 14,

10

Ex. A)); 28 U.S.C. § 1332(c)(1). Defendant Mr. Randhawa is an individual domiciled in California at 1326 Como Drive, Manteca, California 95337, where he was personally served with the Summons and Complaint. (*See* Compl. ¶ 5; ECF Nos. 7, 21 ¶ 13(c).)

Flagstar alleges that Defendants owe at least "$332,905.38 . . . under the Note and Guaranty." (Compl. ¶ 22.) Thus, there is diversity jurisdiction between Plaintiff and Defendants.

### B.   Personal Jurisdiction

"In diversity cases brought against non-domiciliaries in New York federal courts, the New York long-arm statute, Section 302(a) of the New York Civil Practice Law and Rules ('CPLR'), governs the personal jurisdiction analysis." *LG Cap. Funding, LLC v. M Line Holdings, Inc.*, 422 F. Supp. 3d 739, 753 (E.D.N.Y. 2018). Under CPLR § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within [New York]." "Courts have found sufficient business contacts to support personal jurisdiction under CPLR § 302(a)(1) in situations where non-domiciliaries have entered into contracts with New York-based [entities]." *LG Cap.*, 422 F. Supp. 3d at 753. "Parties can [also] consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (citation modified).

11

Defendants entered contracts with Flagstar, a New York entity. Roadlines executed and delivered to Flagstar the Note that "was executed, made and is to be performed in Nassau County, New York." (Note § 11; *see also* Agreement § 21; Compl. ¶ 10.) Mr. Randhawa's financial "guaranty of promissory notes payable in New York" to a New York LLC is also "a contract to perform services within the meaning of CPLR 302(a)(1)." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 80-81 (2d Cir. 1993). Defendants thus had "'fair warning of the possibility of [Defendants] being subject to the jurisdiction of New York.'" *LG Cap.*, 422 F. Supp. 3d at 753 (quoting *D.H. Blair*, 462 F.3d at 105). The Agreement, Note, and Guaranty thus constitute business transacted in New York sufficient for this Court to exercise personal jurisdiction over Defendants.

Defendants also consented to this Court's jurisdiction. Under the Agreement and Note, Roadlines "consents to the personal jurisdiction of" the "U.S. District Court located in the Eastern District of New York." (Agreement § 21, Note § 13); *see also LG Cap.*, 422 F. Supp. 3d at 753-54 (holding that the Court had personal jurisdiction over foreign corporation pursuant to contract). Mr. Randhawa also agreed that "an action to enforce the Guaranty" may be "joined with an action against [Roadlines]" and that the Guaranty "shall be governed by and construed in

12

accordance with the internal laws . . . of the State of New York" (Guaranty at 2, 3.)

The forum selection clauses thus also establish that venue is proper in this District. *Weber Capital LLC, v. Racaniello*, No. 24-CV-6258 (EK)(JAM), 2026 WL 522339, at *14 (E.D.N.Y. Feb. 25, 2026) (holding venue was proper pursuant to guarantor's consent to jurisdiction in this District). Although the forum selection clauses are in the Agreement and Note and not the Guaranty, Mr. Randhawa agreed in the Guaranty that any action to enforce the Guaranty may be "joined with an action against [Roadlines]" and signed as President of Roadlines the Agreement and the Note, which both include this Court as a proper agreed upon venue. (Compl. ¶ 3; Agreement § 21; Note § 13; Guaranty at 2).[2] Moreover, a "substantial part of the events . . . giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b)(2). "The Note was executed, made and is to be performed in [this District],"

---

[2] The Court also notes that "numerous courts have concluded that a defaulting party waives the defense of improper venue." *LG Cap.*, 422 F. Supp. 3d at 754 n.5 (collecting cases). A Court may thus "enter a default judgment against a non-appearing party that could otherwise assert an affirmative defense based on contractual limitations on the plaintiff's right to sue." *Id.* at 755. Here Defendants were properly served with the summons, complaint, relevant default judgment motion papers, and all subsequent filings (*see* ECF Nos. 14-4, 14-5, 14-18, 19-5, 19-6, 19-18, 20, 21-4, 22, 23 at 2.), but have failed to appear or otherwise assert their rights. Defendants have thus also waived any defense of improper venue.

(Note § 11), and the debt is payable to a New York LLC with its sole member located in this District, (*see* Compl. ¶ 4; ECF No. 21 ¶ 13(a).)

Accordingly, this Court has jurisdiction over Defendants and is a proper venue for the instant action.

## II.  Plaintiff Complied with Procedural Requirements

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018). Flagstar must show that defendants were properly served with process and that entry of default was appropriate. *See Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order). Local Rule 55.2 impose the additional requirements that the plaintiff attach certain materials to the motion and file proof that all motion papers were mailed to the Defendants.[3]

### A.  Service of Process

On April 11, 2025, Mr. Randhawa was personally served with the summons and complaint and was thus properly served. (*See* ECF No. 7); Rule 4(e). Regarding service on Roadlines, service for a "corporation,  .  .  .  partnership, or other unincorporated

---

[3] This Order applies the Local Civil Rules of the Eastern District of New York as stated, prior to changes to the relevant local rules effective January 2, 2026.

14

association" can occur "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h)(1)(B).

Following the Court's Order extending Flagstar's time to serve Roadlines to July 17, 2025, Flagstar served the summons and complaint on a "John Doe" authorized to accept service on behalf of Roadlines on July 1, 2025. (ECF No. 12.) The service was completed at the principal business address listed for Roadlines on the California Business Search website, and the John Doe served by the process server "advised they were authorized to accept [service] for the corporation." (*Id.*) Service was thus properly effectuated on Roadlines. (*See* Dkt. Order dated Jul. 17, 2025); *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-cv-4677 (ADS), 2011 WL 1701795, at *7-8 (E.D.N.Y. Apr. 30, 2011) (finding a corporate defendant was properly served where "the process server left a copy of the summons and complaint with 'Ann Doe Manager', who indicated that she was authorized to accept service on behalf of the corporation"); *Old Repub. Ins. Co. v. Pac. Fin. Servs. Of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service."); *Feng Lin v. Quality Woods*, Inc., No. 17-cv-3043 (DLI) (SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) ("An

15

affidavit of a process server creates a presumption of proper service.").

### B.    Entry of Default

The Court finds that the Clerk of the Court properly entered default against each Defendant. Because Mr. Randhawa was properly served on April 11, 2025, (*see* ECF No. 7), Mr. Randhawa was required to answer or otherwise respond to the Complaint by May 2, 2025. *See* Rule 12(a)(1)(A)(i).  Mr. Randhawa failed to respond, and on May 22, 2025 Flagstar filed a request for a Certificate of Default, (ECF No. 8), which the Clerk of Court granted on May 27, 2025, (ECF No. 9.)

Because Roadlines was properly served on July 1, 2025, (*see* ECF No. 12), Roadlines was required to answer or otherwise respond to the Complaint by July 22, 2025.  *See* Rule 12(a)(1)(A)(i); (Dkt. Order dated Jul. 17, 2025.)  Roadlines failed to respond, and Flagstar filed a request for a Certificate of Default on July 23, 2025, (ECF No. 16), which the Clerk of the Court granted on July 28, 2025. (ECF No. 17.)  Both Defendants were also served with Flagstar's requests for certificates of default. (ECF Nos. 8-6, 16-4.)

### C.    Local Civil Rule 55.2

Local Civil Rule 55.2 sets out four procedural requirements for Plaintiff's Motions. First, Plaintiff must file an affidavit or declaration showing that the clerk has entered a Certificate of

16

Default, that the movant has complied with the Servicemembers Civil Relief Act, and that the defaulting party is not known to be a minor or an incompetent person. L. Civ. R. 55.2(a)(1)(A)-(C). Second, Plaintiff must comply with Local Civil Rule 7.1(a)'s procedural requirements by filing notices of motions, memoranda of law, and supporting affidavits and exhibits. L. Civ. R. 55.2(a)(2). Third, Plaintiff must also file a certificate of service indicating the Motions and all supporting documents, including the Clerk's Certificate of Default, have been personally served on or mailed to the last residence (for a natural person) or business address (for an entity) of the defaulting party. L. Civ. R. 55.2(a)(3). Fourth, Plaintiff must also file "a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request" because damages and attorneys' fees and costs are at issue. L. Civ. R. 55.2(c).

First, Flagstar complied with Local Civil Rule 55.2(a)(1)'s procedural requirements by filing declarations showing that the Clerk entered Certificates of default as to Mr. Randhawa and Roadlines. (*See* ECF Nos. 14-1 ¶¶ 4-8, 19-2 ¶¶ 4-10). As to Roadlines, Flagstar need not demonstrate compliance with the SCRA or confirm minor or incompetent status because Roadlines is a corporate entity and not a natural person. *See Wells Fargo Bank Nat'l Ass'n v. 366 Realty LLC*, 806 F. Supp. 3d 356, 367 (E.D.N.Y. 2025). With regards to Mr. Randhawa, Flagstar affirmed that Mr.

17

Randhawa is not a minor or incompetent person, (ECF No. 14-1 ¶ 10), and filed a supplemental declaration establishing that Mr. Randhawa is not in active military service, (*see* ECF No. 23); *Jimenez*, 744 F. Supp. 3d at 244 ("obtain[ing] a report certifying active-duty military status through the [SCRA] website" is sufficient to satisfy the SCRA).

Second, Flagstar complied with Local Civil Rule 7.1(a)'s procedural requirements by filing notices of motion (ECF No. 14, 19), memoranda of law (ECF. No. 14-10, 19-1), and affidavits and exhibits (ECF. Nos. 14-1-14-9, 14-11-14-18, 19-2-19-18), in support of Plaintiff's Motions.

Third, Flagstar filed affidavits of service demonstrating that all documents in support of the request for default judgment have been mailed to Mr. Randhawa's last known residence, (ECF No. 14-18), and Roadlines' last known business address, (ECF No. 19-18). *See* L. Civ. R. 55.2(a)(3).

Fourth, Flagstar also complied with Local Civil Rule 55.2(c) by filing sworn statements of damages affirmed by persons with personal knowledge, demonstrating the damages and basis for each element, including the damages arising from the breach of contract claim (ECF Nos. 14-10-14-17, 19-1, 19-11-19-16), and attorneys' fees and costs (ECF Nos. 14-1, 14-7-14-8, 19-2, 19-8-19-9.) *See* L. Civ. R. 55.2(c).

### III. Liability

Because Flagstar has met the jurisdictional and procedural prerequisites for default judgment, the Court now must assess whether Flagstar's "well-pleaded allegations in a complaint establishes . . . defendant[s'] liability." *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). Flagstar must "establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Finkel v. Triple A Group, Inc.*, 708 F.Supp.2d 277, 280 (E.D.N.Y. 2010) (citation modified).

### A.   Choice of Law

"At the outset of its analysis, '[a] federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state.'" *AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018) (quoting *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012)). This Court, sitting in diversity, is thus bound to apply New York law to determine the validity and scope of any choice-of-law clause. Under New York law, "courts will generally enforce choice-of-law clauses," because "contracts should be interpreted so as to effectuate the parties' intent," *Ministers & Missionaries Benefit Bd. V. Snow*, 45 N.E. 3d 917, 919 (2015). This "obviates the application of both common-law conflict-of-laws principles and statutory choice-of-law directives." *Id.* at 918; *cf. Aguas Lenders*

19

*Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009) (concluding that a forum-selection clause is "entitled to a presumption of enforceability" in a foreign dispute).

The Court sees no reason to upset the Parties' agreement that New York law applies, especially given that the Parties agreed that New York law applies without applying conflicts of law rules. (*See* Agreement § 19 (The Agreement "shall be governed by and construed in accordance with the laws of the State of New York, without reference to principles of conflicts of laws"); Guaranty at 3 ("[W]ithout applying the conflict of law rules," the Guaranty "shall be governed by and construed in accordance with the internal laws . . . of the State of New York.").) The Court thus will adhere to the Parties' intent and assess Defendants' liability under New York law.

## B.    Breach of Contract against Roadlines (Count 1)

"To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (citation modified).

Flagstar has alleged sufficient facts to allege Roadlines breached the Agreement and Note. On June 18, 2021, Flagstar and Roadlines agreed to an ongoing financing arrangement in which Flagstar would "make loans and advances to Roadlines . . . as

20

evidenced by one or more promissory note(s)" to be repaid with interest. (Compl. ¶ 8; Agreement § 1(a).) Pursuant to the Note, Flagstar lent Roadlines a principal sum of $629,000, which Roadlines agreed to repay over the course of 48 monthly payments starting on July 20, 2021 at an interest rate of 4.75% per year. (Compl. ¶ 10; Note at 1, §§ 2, 3.) In September of 2024, Roadlines failed to make payments and defaulted. (Compl. ¶¶ 21, 24; ECF No. 19-11 ¶ 14.) Because of Roadlines' default, Flagstar alleges that as of February 6, 2025, it was damaged in the amount of $332,905.38. (Compl. ¶ 22.) Thus, the Court finds that Flagstar has sufficiently pleaded that Roadlines is liable for breach of contract.

### C.   Breach of Guaranty against Mr. Randhawa (Count 2)

Under New York law, a breach of guaranty, requires "(1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt." *CDS Bus. Servs. Inc. v. Sebbag*, No. 21-cv-1992 (JS) (ST), 2023 WL 7181646, at *2 (E.D.N.Y. Aug. 16, 2023) (citation modified); *see also Chem. Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994) (same).

Here, Flagstar alleges that Flagstar is owed a debt from Roadlines, (Compl. ¶¶ 21-22, 28-29.); Mr. Randhawa "absolutely and unconditionally" guaranteed payment of Roadlines' debt, (Compl. ¶¶ 14, 21; Guaranty at 1); and Mr. Randhawa has failed to pay, (Compl.

¶ 33.) Accordingly, Flagstar has sufficiently pled that Mr. Randhawa is liable for breach of guaranty.

### D.    Possession as to both Defendants (Count 3)

Flagstar in Count Three requests possession of the Collateral against Defendants but does not refer to any federal or state statute or any other procedural mechanism to gain possession. Flagstar appears to be alleging replevin, (*see* Compl. ¶ 1 ("this is an action . . . [for] replevin/possession"), or specific performance for breach of the Agreement and Note.  Flagstar fails to allege "whether it is seeking the [Collateral] through a remedy of specific performance under the [Agreement and Note], replevin under California law, replevin under New York law, or some other mechanism."[4]  *Ascentium Cap. LLC v. Full Speed Auto Grp., Inc.*, No. 22-cv-7559 (DG) (SJB), 2023 WL 6168277, at *7 (E.D.N.Y. Aug. 28, 2023).   "Without such explanation—given the disparate requirements for each of these mechanisms—the Court cannot at this time grant this relief." *Id.*

Flagstar has, moreover, failed to plead facts that establish Defendants' liability on Count Three as to replevin or specific performance.   "[A] replevin action must be brought in the

---

[4] The Court also advises that in the case of a secured transaction, Uniform Commercial Code § 9-609 provides a "self-help" remedy by which the secured creditor may peaceably take possession of the collateral without the need for judicial intervention, but it is unclear if Flagstar has attempted to exercise this remedy.

jurisdiction in which the collateral is located." *Santander Bank, N.A. v. Contreras*, 414 F. Supp. 3d 650, 653 (S.D.N.Y. 2019) (citation modified); *see also Ascentium*, 2023 WL 6168277, at *8 (same); *Encompass Aviation, LLC v. Surf Air Inc.*, No. 18-cv-5530 (CM), 2018 WL 6713138, at *3-*4 (S.D.N.Y. Nov. 30, 2018) (denying replevin request because [t]he[] aircraft are located in California" and "a New York court cannot replevy aircraft . . . unless the aircraft are located in New York State."). Flagstar has not alleged that the Collateral is currently within this Court's jurisdiction.

CPLR § 7102 sets forth additional requirements for a replevin claim. *See Cahill v. McInnis*, No. 6-cv-4411 (KNF), 2007 WL 1174827, at *2 (S.D.N.Y. Apr. 18, 2007) ("Article 71 of the [CPLR], rooted in the common-law action of replevin, governs the recovery of chattel."). Under CPLR § 7102(c), a plaintiff must provide an affidavit which includes, *inter alia*, "the value of each chattel or class of chattels claimed" and "if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to . . . search for the chattel, the place where the chattel is located." Flagstar has not alleged where the Collateral is located or the value of the Collateral, so there are no "well-

23

pleaded allegations" that establish "[D]efendant[s'] liability" on replevin. *Trans World*, 449 F.2d at 69.[5]

On specific performance, Flagstar has also failed to show that the "remedies at law" such as an award of monetary damages are "inadequate to accomplish substantial justice" such that the "extraordinary equitable remedy of specific performance may be ordered." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002) (citation modified) (holding district court's denial of request for specific performance was not error where there was "no reason why . . . money damages would not adequately compensate [the plaintiff] for [defendant]'s breach [of contract]").

Count Three is also duplicative of Flagstar's request for monetary damages. Count Three "arise[s] from the same facts ... and do[es] not allege distinct damages". *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (citation modified); *see also Tache Co. N.V. v. Verma Gold & Diamond LLC*,

---

[5] The common law action of replevin, or an order of seizure, is also a "'prejudgment quasi-provisional remedy.'" *Imaging Fin. Servs., Inc. v. Digital Page, LLC*, No. 1:11-CV-00641 LEK, 2012 WL 913257, at *2 (N.D.N.Y. Mar. 16, 2012) (finding defendant's liable for breach of contract and guaranty but denying replevin claims in a motion for default judgment) (quoting *McKesson Automated Healthcare, Inc. v. Brooklyn Hosp. Center*, 779 N.Y.S.2d 765, 766 (N.Y.Sup.Ct.2004)); *see also Ascentium*, 2023 WL 6168277, at *8 (discussing how "Federal Rule 64 provides for replevin, but only as a pre-judgment remedy").

No. 21-cv-03017 (JMA)(AYS), 2022 WL 198528, at *1 (E.D.N.Y. Jan. 20, 2022) (dismissing replevin claim as duplicative of breach of contract claim); *Sea Tow Servs. Int'l, Inc. v. Tampa Bay Marine Recovery, Inc.*, 632 F. Supp. 3d 91, 118-19 (E.D.N.Y. 2022) (same). Moreover, "[o]ne cannot have damages for the breach of contract, and a decree also for its specific performance." *Slaughter v. La Compagnie Francaises Des Cables Telegraphiques*, 119 F. 588, 588–89 (2d Cir. 1902); *see also Rhodes v. Davis*, 628 F. App'x 787, 791 (2d Cir. 2015) (summary order) (Specific performance is "an equitable remedy for a breach of contract, rather than a separate cause of action.")(citation modified); *Hadcock Motors, Inc. v. Metzger,* 92 A.D.2d 1, 4 (4th Dep't 1983) ("Specific performance is a discretionary remedy which is an alternative to the award of damages as a means of enforcing a contract.").

Accordingly, Flagstar's Motions for default judgment on Count Three are respectfully denied.

## IV.  Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.' " *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for

25

the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Rule 55(b)(2)).  Flagstar "must prove its damages to a 'reasonable certainty'—the defendants' default does not relieve the plaintiff of this burden." *Liberty Mut. Ins. Co. v. Luxury Transp. Management Inc.*, No. 07-CV-0608, 2009 WL 1033177, at *6 (E.D.N.Y. April 16, 2009) (quoting *Credit Lyonnais Sec. (USA) Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Flagstar has failed to provide the Court with sufficient supporting documentation and explanation regarding the damages sought.  Plaintiff's February 7, 2025 Complaint alleges that as of February 6, 2025, a sum of "$332,905.38 was due and owing, inclusive of late fees and default interest" under the Note and Guaranty, and merely lists various sections of the Agreement and Note regarding late fees, acceleration, and interest rates. (Compl. ¶¶ 19-22, 28, 35).  Plaintiff's July 22, 2025 Randhawa Mot. subsequently alleges that as of July 21, 2025, Plaintiff was owed "$347,925.33 in damages with respect to the Note, inclusive of late fees and interest," (ECF No. 14-11 ¶ 18), and "pre-judgment interest at the default rate of interest of 10.75% per annum" from July 22, 2025, (ECF No. 14-9 at 2.)  Plaintiff's August 28, 2025 Roadlines Mot. alleges that as of August 26, 2025, Plaintiff was

26

owed "$351,202.41 with respect to the Note, inclusive of late fees and interest," (ECF No. 19-11 ¶ 15), but Flagstar's Proposed Judgment states that as of August 27, 2025, Plaintiff is due $351,293.44 in principal, late fees, and interest, (ECF No. 19-17 at 2).  The Proposed Judgment in the Roadlines Mot. also states that Flagstar is owed "pre-judgment interest at the default rate of interest of 10.75% per annum" from August 27, 2025.  (*Id.*)

However, nowhere in the Complaint or the Motions does Flagstar explain how it arrived at its damages calculation or provide any documentary evidence regarding: (i) any invoices, prior payments or transaction history regarding the Note to establish the remaining principal upon default; (ii) the dates of default or any acceleration demands and the outstanding principal and interest due, if applicable, on such dates; and (iii) generally what portion of the damages alleged is attributable to principal, late fees, and accrued interest and how such amounts were calculated.  *See Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, No. 20-cv-1281 (MKB) (RLM), 2022 WL 3703955, at *9-*15 (E.D.N.Y. Aug. 26, 2022), *report and recommendation adopted,* No. 20-cv-1281 (MKB) (RLM), 2022 WL 4813505 (E.D.N.Y. Oct. 3, 2022) (using such information to analyze damages sought).

Flagstar also failed to allege any details regarding any communications with Mr. Randhawa regarding the Guaranty.  Without

27

such information, the Court is unable to determine if there is sufficient evidence to support Flagstar's claimed damages.

The Court thus finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages claimed and denies Flagstar's request for damages without prejudice.  In any renewed request, Flagstar shall provide the Court with a detailed affidavit or affidavits setting forth the basis of the damages requested, as well as any relevant documentary evidence.

## V.   Pre-Judgment Interest

Flagstar also requests prejudgment interest at a rate of 10.75% per year.  (*See* ECF Nos. 14, 14-9 at 2, 19, 19-17 at 2). As an initial matter, the Court is unable to calculate pre-judgment interest because it is unable to ascertain the amount of damages with reasonable certainty.  The Court also advises that under New York law, pre-judgment interest is calculated "from the earliest ascertainable date the cause of action existed ... to the date the verdict was rendered or the report or decision was made." CPLR § 5001(b)–(c). Courts calculate the "earliest ascertainable date" as the date of the contract breach. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (holding that "cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach"). "Where damages were incurred at various times, interest shall be computed upon each item from the

28

date it was incurred or upon all of the damages from a single reasonable intermediate date." *CareandWear II, Inc. v. Nexcha L.L.C.*, 581 F. Supp. 3d 553, 558 (S.D.N.Y. 2022) (citing CPLR § 5001(b)).

Plaintiff's Motions, however, fail to identify the date Roadlines breached the Note and Agreement and the date Mr. Randhawa breached the Guaranty.  Accordingly, Flagstar's request for pre-judgment interest is denied without prejudice, and Flagstar is directed to include in any renewed request the information necessary to calculate pre-judgment interest.

## VI.  Attorneys' Fees

Plaintiffs' request for fees and costs is premature because damages must still be determined.  Accordingly, the Court reserves judgment on this request. *See Pasatieri v. Starline Prods., Inc.*, No. 18 CV 4688, 2020 WL 207352, at *6 (E.D.N.Y. Jan 14, 2020) (refraining from analyzing costs where plaintiff did not provide sufficient evidence to support the claim for actual damages); *Suk v. Tastemakers Glob., Inc.*, No. 19CV6043RPKRML, 2020 WL 7774705, at *5 (E.D.N.Y. Oct. 19, 2020), *report and recommendation adopted*, No. 19CV6043RPKRML, 2020 WL 7770978 (E.D.N.Y. Dec. 30, 2020) (same).

## Conclusion

For the reasons stated herein, the Roadlines Mot. for default judgment as to breach of contract (Count 1) and the Randhawa Mot.

29

for default judgment as to breach of guaranty (Count 2) are **GRANTED** as to liability.  The Motions for default judgment on Count Three are **DENIED** as to possession (Count 3) and **DENIED without prejudice to refiling** as to damages, including pre-judgment interest, and attorneys' fees.

Plaintiff is directed to serve this Order on Defendants and note service on the docket by **March 11, 2026.**

Plaintiff shall submit a supplemental memorandum, accompanied by affidavits and evidence explaining its claimed damages, and updated proposed orders by **April 1, 2026.**

Specifically, Plaintiff should submit an affidavit from a person with personal knowledge, along with additional documentary evidence, which more precisely establishes (1) the payment/transaction history on the Agreement, Note, and Guaranty; (2) the date of default as to Roadlines and the date of breach of Guaranty as to Mr. Randhawa and the principal, accrued interest, and late fees due upon such dates; (3) the dates and details of any acceleration on the amounts due and the principal, accrued interest, and late fees due upon such dates; (4) generally how Flagstar is calculating the principal, late fees, and accrued interest; (5) the earliest ascertainable date each cause of action existed, for purposes of calculating prejudgment interest; and (6) any other documentary evidence or sworn statements that would

30

assist the Court in ascertaining the amount of damages with reasonable certainty.

**So ordered.**

Dated:    March 10, 2026
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York